d

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

ANGELA DREWITT,                 CIVIL DOCKET NO. 1:23-CV-00850
Plaintiff

VERSUS                                     JUDGE DRELL

BROOKSHIRE GROCERY CO ET AL,   MAGISTRATE JUDGE PEREZ-MONTES
Defendants

---

### MEMORANDUM ORDER

Before the Court is a Motion for a More Definite Statement (ECF No. 9) filed by Defendant Brookshire Grocery Company ("Brookshire"). Brookshire seeks an order under Fed. R. Civ. P. 12(e) requiring Plaintiff Angela Drewitt ("Drewitt") to provide a more definite statement to Paragraph 6 of her Petition for Damages (ECF No. 1-2) by amending the vague and ambiguous phrase "the following nonexclusive particulars." ECF No. 9 at 1. Drewitt opposes. ECF No. 22.

Because Drewitt's Complaint (ECF No. 1-2) satisfies the pleading requirements of Fed. R. Civ. P. 8, Brookshire's Motion for a More Definite Statement (ECF No. 9) is DENIED.

### I.    Background

Drewitt filed this lawsuit in the Tenth Judicial District Court in Natchitoches Parish, Louisiana against Brookshire Grocery Company, Nationwide Building Services, Inc. ("Nationwide"), and Argel Building Services, Inc. ("Argel") (collectively, "Defendants"). ECF No. 1-2. Drewitt alleges that, on May 25, 2022, she slipped and

1

fell at the Super 1 Foods store located in Natchitoches, Louisiana.  ECF No. 1-2 at 4. She claims she was walking inside when she slipped on a puddle of water, fell, and sustained traumatic and disabling injuries.  *Id.* at 5.  Drewitt asserts Brookshire was the owner and operator of Super 1 Foods #613.  *Id.* at 4.  She contends Brookshire contracted with Nationwide to safely maintain and clean the premises, and that Nationwide subcontracted with Argel to do so.  *Id.*  Drewitt asserts claims against the Defendants for various acts of negligence.  *Id.* at 5.

Brookshire removed, asserting diversity jurisdiction.[1]  ECF No. 1.  Brookshire now seeks a more definite statement under Fed. R. Civ. P. 12(e) to have Drewitt amend Paragraph 6 of the Complaint (ECF No. 1-2) containing the phrase "in the following nonexclusive particulars."  ECF No. 9.  Drewitt opposes. ECF No. 22.

## II.   Law and Analysis

### A.   A more definite statement is only appropriate where a complaint is so vague that it forecloses a fair opportunity to respond.

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  It is well settled that, "[g]iven the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored" and should be granted sparingly.  *Murungi v. Texas Guaranteed*, 646 F.Supp.2d 804, 811 (E.D. La. 2009).  Rule 8 requires only "a short and plain statement

---

[1] Brookshire alleges Drewitt's medical expenses total $17,587.40 and that their claims administrator received a settlement demand in the amount of $150,000.  ECF No. 1 at 2. Brookshire further asserts Drewitt is a domiciliary of Louisiana, and that Defendants are domiciled in Texas.  *Id.* at 3.  Thus, Brookshire asserts complete diversity exists between the parties. *Id.*

of the claim to give the defendant fair notice of the claim and the grounds upon which it rests." *See Verret v. N. Star Marine, LLC*, CIV.A. 09-3442, 2009 WL 3614502, at *1 (E.D. La. Oct. 28, 2009).

A Rule 12(e) motion may not be used as a substitute for discovery. *See Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006). Still, a Rule 12(e) motion should be granted "[i]f a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). The decision to grant a Rule 12(e) motion is within the discretion of the trial court, and such motions are "universally deemed appropriate only when the pleading addressed is so vague it cannot be responded to." *Newcourt Leasing Corp. v. Regional Bio-Clinical Laboratory, Inc.*, 2000 WL 134700, at *1 (E.D. La. Feb. 1, 2000) (citation omitted).

**B.   <u>Drewitt's Complaint meets the Rule 8 pleading standard.</u>**

Brookshire seeks to have Drewitt amend Paragraph 6 to excise reference to "nonexclusive particulars." ECF No. 9 at 2. Drewitt argues that the Complaint is adequate because Paragraph 6 also contains a list of ten specific failures/negligent acts of the named Defendants. ECF No. 22 at 1.

A more definite statement should be required only if an allegation is so "excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (citing *Advanced Communications Technologies, Inc. v. Li*, No. 05 Civ. 4628, 2005 WL 3215222, at *3

(S.D.N.Y. Nov. 30, 2005) (citing *Bower v. Weisman*, 639 F.Supp. 532, 538 (S.D.N.Y. 1986)).   A court must also assess a complaint in light of the minimal pleading requirements of Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Babcock*, 235 F.R.D. at 633; *see also* Fed. R. Civ. P. 8(a)(2).   And a court must disfavor Rule 12(e) motions given the availability of extensive discovery to further elucidate a plaintiff's allegations. *See City of DeQuincy v. Emps. Mut. Cas. Co.,* 2023 WL 2604022, at *1 (W.D. La. Mar. 22, 2023).   Thus, relief under Rule 12(e) is unwarranted when a pleading meets the minimal standard of Rule 8, the missing or vague information is already known to the defendant, or the information sought can otherwise be obtained by discovery. *Id.*

Here, each of those circumstances is, or at least may be, present.   Defendants are certainly correct that the phrase "nonexclusive particulars" is nonspecific, boilerplate language.   But given the additional details in the same paragraph, Drewitt has satisfied Rule 8's minimal pleading standard.   Defendants have fair notice and enough information to meaningfully respond.   Defendants are also aware of the specific circumstances underlying Drewitt's alleged accident, including Drewitt's claims as to their respective roles.   And ordinary discovery would clarify any additional uncertainty.   Thus, relief under Rule 12(e) is unwarranted.

III.   <u>Conclusion</u>

Because Drewitt's Complaint (ECF No. 1-2) satisfies Rule 8's pleading requirements, IT IS HEREBY ORDERED that Brookshire's Motion for a More Definite Statement (ECF No. 9) is DENIED.

SIGNED on Friday, January 26, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE